**Ralph J. MILLER, Plaintiff,**

v.

**NORTHWEST REGION LIBRARY BOARD, P. Gwyn, Librarian J. Hedrick, Director Defendants.**

**No. 1:03CV01239.**

United States District Court, M.D. North Carolina.

Dec. 8, 2004.

*MEMORANDUM OPINION*

BEATY, District Judge.

Plaintiff Ralph J. Miller ("Plaintiff" or "Mr. Miller") filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants Northwest Region Library Board ("the Library"), Librarian P. Gwyn ("Ms. Gwyn") and Library Director J. Hedrick ("Mr. Hedrick") violated Plaintiff's constitutional rights by permanently barring Plaintiff from using the Library's Internet-accessible computers. This matter is presently before the Court on Defendants' Motion to Dismiss [Document # 4], Plaintiff's Motion for Preliminary Injunction [Document # 9] and Plaintiff's Motion for Summary Judgment [Document # 14]. Plaintiff, who is *pro se,* also filed a Motion to Compel Production of Documents [Document # 27] and two Motions to Amend his Complaint to include various discovery matters [Documents # 18, 29]. Defendants thereafter filed a Motion to Dismiss specifically addressing Plaintiff's second proposed amendment to the Complaint [Document # 32].

For the reasons discussed below in this Memorandum Opinion, Defendants' Motion to Dismiss [Document # 4] is DENIED. In addition, Plaintiff's Motion for Preliminary Injunction [Document # 9] and Plaintiff's Motion for Summary Judgment [Document # 14] are DENIED at this time. Finally, Plaintiff's Motion to Compel Production of Documents [Document # 27] and Motions to Amend his Complaint [Document # 18, 29] are DENIED, and Defendants' Motion to Dismiss the second proposed amendment to the Complaint [Document # 32] is also DENIED.

Ralph J. Miller, Fancy Gap, VA, pro se.

Daniel J. Park, Daniel J. Park, P.A., Elkin, NC, for Defendants.

## I. FACTUAL BACKGROUND

Plaintiff alleges that on May 29, 2003, he was using the Internet computer at the

Mt. Airy, North Carolina public library to read the Russian newspaper Pravda at the website "Pravda.ru." Plaintiff contends that while he was navigating at that site, an "unsolicited and unwelcome" image "popped up" on his computer. (Complaint [Document # 1] at 2.) The image apparently contained one or more pictures of nude women. As a result of the display of this image, Librarian Gwyn came up behind Plaintiff, ordered him off the computer, and told him that he would be permanently barred from using the Internet at all thirteen of the Northwestern Regional Libraries. Plaintiff contends that this interaction "lasted no more than 5 seconds." (Id. at 3.)

Plaintiff contends that a few days later he visited the King, North Carolina library, which is another of the thirteen libraries in the Northwestern Regional Library system. According to Plaintiff, the librarians at the King library told him that Librarian Gwyn had called them and told them that Plaintiff was on a "permanent No–Internet–Use list that she entered into the system's data base." (Id. at 3.) Plaintiff subsequently visited the Director of the Northwestern Regional Libraries, Mr. J. Hedrick, who confirmed that Plaintiff could no longer use any of the Northwestern Regional Libraries' Internet computers. Plaintiff contends that Mr. Hedrick also confirmed that there was no appeal right available to him.

Plaintiff contends that Defendants violated his constitutional rights by failing to provide any hearing or appeal rights when permanently barring him from use of the Internet computers at the thirteen Northwestern Regional Libraries. Defendants filed a Motion to Dismiss [Document # 4] for failure to properly identify

the parties and for failure to state a claim. Plaintiff and Defendants subsequently filed additional motions. The Court will first consider Defendant's Motion to Dismiss [Document # 4] and will then consider the additional subsequent motions.

## II. DEFENDANTS' MOTION TO DISMISS

Defendants filed a Motion to Dismiss [Document # 4] on two bases: (1) that the parties were not properly identified in the summons and Complaint; and (2) that Plaintiff failed to state a claim upon which relief can be granted. The Court will consider each of these contentions separately.

### A. Motion to Dismiss for Failure to Properly Identify Parties

■ Defendants first contend that the claims should be dismissed because "[t]here is no such entity as Northwest Region Library Board." In his Complaint, Plaintiff named as a Defendant the "NorthwestRegion Library Board" and also referred to this Defendant as the "NorthwestRegion Library System." The summons served upon the library identifies the library as "Northwest Region -N.C. Libraries," but was addressed to the "Northwest Region Libraries Board" at the Northwestern Regional Library mailing address in Elkin, North Carolina. Defendants contend that the library is not properly named because the proper designations are "Northwestern Regional Library" and "Board of Directors of Northwestern Regional Library." Defendants argue that Plaintiff has not made it clear whether he is suing the Library or the Board of Directors ("the Board").[1]

---

1. Although Defendants refer to the Board as a "Board of Directors," it appears that under state law, the library is actually governed by a Board of Trustees. N.C. Gen.Stat. §§ 153A–263, 153A–265.

Under the North Carolina General Statutes, a county or city may establish a public library system and may appoint a library board of trustees. N.C. Gen.Stat. §§ 153A–263, 153A–265. Two or more cities or counties may establish a joint library system. N.C. Gen.Stat. § 153A–270. The board of trustees may formulate and adopt policies and regulations for the government of the library. N.C. Gen.Stat. § 153A–266. Under the Statutes, service is effected on local public units and bodies by mailing a copy of the summons and complaint to an officer, director, agent, or attorney of the body authorized to accept service on its behalf. N.C. Gen.Stat. § 1A–1, Rule 4(j)(5)(c).

▮ In this case, Plaintiff's naming of the "Northwest Region Library Board" rather than the "Board of Directors [or Trustees] of the Northwestern Regional Library" is a simple misnomer. The Board clearly had notice of this action and should have known that the action was brought against the Board based on the enforcement of its Internet policy as described above. This type of misnomer may be corrected by an amendment pursuant to Federal Rule of Civil Procedure 15(c)(3). *Cf.* Fed. R. Civ. Proc. 15(c)(3), Advisory Committee Notes 1991 Amendment ("An intended defendant who is notified of an action within the period allowed ... for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name.... [A] complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification."). On this issue, the Court of Appeals for the Fourth Circuit has clearly held that:

> It has long been the rule in this circuit that service of process is not legally defective simply because the complaint misnames the defendant in some insig-

nificant way. As we recognized many years ago: 'A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant ... it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.... As a general rule the misnomer of a corporation in a notice, summons ... or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled.'

*Morrel v. Nationwide Mut. Fire Ins. Co.,* 188 F.3d 218, 224 (4th Cir.1999) (quoting *United States v. A.H. Fischer Lumber Co.,* 162 F.2d 872, 873 (4th Cir.1947)). In addition, *pro se* litigants are allowed even greater latitude to correct defects in service of process and pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

This rule also applies to the other, similar objections raised by Defendants. For example, with respect to Mr. Hedrick, Plaintiff's Complaint names him as a Defendant by referring to him as "J. Hedrick, Director." Defendants contend that this is incorrect because Mr. Hedrick was *interim* Director at the time the suit was filed. Mr. Hedrick became the Director on February 14, 2004. The Court finds that Defendants' contention is completely without basis, and Mr. Hedrick was properly named. Finally, Defendants contend that Plaintiff misspelled Defendant P. Gwyn's last name, by listing her as "P. Gwynn" rather than "P. Gwyn." With respect to minor misspellings such as this, Plaintiff is clearly entitled to amend his Complaint pursuant to Rule 15(c)(3) to correct the spelling of Ms. Gwyn's name, and Defen-

dants' motion to dismiss on this ground is baseless.

Therefore, pursuant to Rule 15(c)(3), the Court finds that Plaintiff may file a Motion to Amend his Complaint in order to properly state the names of the individual Defendants as identified herein, as well as the Board of Trustees of the Northwestern Regional Library System.[2] Pursuant to Rule 15(c), the amendment will relate back in time to the date of the filing of the original Complaint in this action. Defendants' Motion to Dismiss [Document # 4] for failure to properly identify the parties is denied.

### B. Motion to Dismiss for Failure to State a Claim

Defendants also move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Specifically, Defendants contend that the Library may make decisions regarding what material it provides and "it would be inappropriate for the Court to order the library to redo the library's user policy or to require it to give up its federal funds." (Defs.' Mot. to Dismiss at 3.) In this regard, the Court notes that pursuant to the Children's Internet Protection Act ("CIPA"), the Library may not receive certain federal assistance unless it has adopted and implemented an "Internet Safety Policy" that "protects against access ... to visual depictions that are obscene or child pornography." 20 U.S.C. § 9134(f)(1), 47 U.S.C. § 254(h)(6). Defendants also contend that because Plaintiff signed the Library's Internet User Agreement, Plaintiff may not complain about the lack of appeal rights or the failure of the

Library to provide any process before revoking his user rights. In subsequent briefing, Defendants also contend that the injury to Plaintiff and the constitutional issues involved in this case are *de minimis*.

With respect to a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, dismissals are allowed "only in very limited circumstances." *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989). Generally, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002) (internal quotations omitted); *accord Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). In making this determination, a court must view the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir.1994). Thus, the purpose of a motion to dismiss is to test the legal sufficiency of the complaint and not the facts that support it. *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir.1989) (internal quotations omitted).

Therefore, in evaluating Defendants' Motion to Dismiss, the Court must take Plaintiff's facts as true, and must deter-

---

**2.** Defendants' Motion to Dismiss does not address the capacity of the Board to be sued under North Carolina law, or whether the counties themselves must also be parties to this action. Defendants also do not address the potential immunity of any of the Defen-

dants. Therefore, the Court will not address these issues at this time. However, given the importance of these issues, Defendants are specifically granted leave to address these issues in future filings before this Court.

mine whether Plaintiff has stated a potential claim. In the present case, Plaintiff alleges that Defendants violated his due process rights under the United States Constitution by banning him from using the Library's Internet computers without providing any written notification or appeal rights. The Fourteenth Amendment to the Constitution prohibits states or municipalities from depriving "any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV. Plaintiff brings his suit pursuant to 42 U.S.C. § 1983, which creates a cause of action against any person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States. Before beginning an analysis of Plaintiff's due process claim, however, the Court will first consider Defendants' contention that the Library's actions are protected by the federal requirements of CIPA in 20 U.S.C. § 9134 and 47 U.S.C. § 254, and by the recent decision of the United States Supreme Court in *United States v. American Library Association,* 539 U.S. 194, 123 S.Ct. 2297, 156 L.Ed.2d 221 (2003).

### 1. Application of CIPA and *American Library Association* Ruling

As noted above, pursuant to CIPA, the Library may not receive certain federal assistance unless it has adopted and implemented an "Internet Safety Policy" that "protects against access ... to visual depictions that are obscene or child pornography." 20 U.S.C. § 9134(f)(1), 47 U.S.C. § 254(h)(6). In its recent decision in *United States v. American Library Association,* the Supreme Court upheld this legislation, which requires public libraries to install filtering software on Internet computers as a condition of receiving certain federal assistance. *United States v. American Library Association,* 539 U.S. 194, 123 S.Ct. 2297, 156 L.Ed.2d 221

(2003). In a plurality opinion, the Court affirmed the role of libraries in "facilitating learning and cultural enrichment," and noted that libraries provide Internet access "to facilitate research, learning, and recreational pursuits by furnishing materials of requisite and appropriate quality." *Id.* at 203, 206, 123 S.Ct. at 2303, 2305. The Court also affirmed the libraries' interest "in preventing patrons from deliberately using its computers to view online pornography." *Id.* at 207 n. 3, 123 S.Ct. at 2305 n. 3. In reaching its decision, the Court held that "forum analysis and heightened judicial scrutiny are incompatible with ... the discretion that public libraries must have to fulfill their traditional missions. Public library staffs necessarily consider content in making collection decisions and enjoy broad discretion in making them." *Id.* at 205, 123 S.Ct. at 2304. The Court also noted that because "[m]ost libraries already exclude pornography from their print collections because they deem it inappropriate for inclusion ... it would make little sense to treat libraries' judgments to block online pornography any differently, when these judgments are made for just the same reason." *Id.* at 208, 123 S.Ct. at 2306.

■ Given the Supreme Court's decision in *American Library Association,* there is no doubt that libraries are entitled to adopt Internet user agreements prohibiting the use of library Internet computers to access visual depictions that constitute obscenity or child pornography. Such a policy is consistent with the library's interest in providing Internet access for "research, learning and recreational pursuits," while also preventing the use of library computers to view online pornography. However, the Supreme Court's decision in *American Library Association* does not stand for the proposition that no constitutional protections apply to Internet com-

puters at public libraries. In the present case, Plaintiff alleges that his inadvertent violation of the Library's Internet use policy resulted in him being permanently barred from using any of the Internet computers at thirteen regional libraries, without formal notification of the charges against him and without any appeal rights or opportunity to provide his side of the story. These allegations raise several constitutional concerns that are not addressed or precluded by the Supreme Court's decision in *American Library Association.* One such concern is the granting or denial of procedural due process. Plaintiff's claims must therefore be considered in light of established constitutional standards regarding procedural due process.

### 2. Procedural Due Process Claim

Plaintiff specifically contends that Defendants' actions violated his procedural due process rights by depriving him of liberty or property without due process of law. To evaluate Plaintiff's Due Process claim, the Court must consider (1) whether Plaintiff has a specific liberty or property interest affected by the Library's action here, and (2) whether the procedures employed in depriving Plaintiff of that interest were constitutionally sufficient. *See Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

As to the first prong, Plaintiff's Complaint can be read as alleging a liberty or property interest based on (1) his interest in his "good, name, reputation, honor, or integrity," *Roth*, 408 U.S. at 573, 92 S.Ct. at 2707, (2) his right "to acquire useful knowledge," *Id.* (quoting *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923)), and (3) his First Amendment right of access to information and ideas. The First Amendment includes the "positive right of public access to information and ideas." *Kreimer v. Bureau of Police for the Town of Morristown*, 958 F.2d 1242, 1255 (3d Cir.1992). The Courts of Appeals for the Third and Sixth Circuits have specifically held that access to a public library is a protected right. *Kreimer*, 958 F.2d 1242; *Neinast v. Board of Trustees of the Columbus Metropolitan Library*, 346 F.3d 585, 591 (6th Cir.2003); *see also Armstrong v. District of Columbia Public Library*, 154 F.Supp.2d 67, 75 (D.D.C.2001). "[C]onsistent with other First Amendment principles, the right to receive information is not unfettered and may give way to significant countervailing interests. At the threshold, however, this right ...includes the right to some level of access to a public library, the quintessential locus of the receipt of information." *Kreimer*, 958 F.2d at 1255. In this regard, the Court notes that the various counties of the Northwestern Regional Library System have voluntarily chosen to establish thirteen regional libraries, have made Internet-accessible computers available at those libraries, and have opened those libraries to the public. Thus, Plaintiff has alleged a protected interest affected by the Library's action here.

The next question, then, is whether Plaintiff was afforded constitutionally-sufficient process when he was deprived of that protected interest. In determining what process is due, the Court must consider all of the circumstances and must balance the competing interests to determine the appropriate level of procedure required. However, due process generally requires, at a minimum, notice of the charge or proceeding and an opportunity to defend oneself. *See Goss v. Lopez*, 419 U.S. 565, 581, 95 S.Ct. 729, 740, 42 L.Ed.2d 725 (1975). In the present case, according to Plaintiff, Librarian Gwyn came up behind Plaintiff as a result of an

inadvertent "pop-up" display that included pictures of nude women. Librarian Gwyn ordered him off the computer and told him that he would be permanently barred from using the Internet at all thirteen of the Northwestern Regional Libraries. Plaintiff contends that this interaction "lasted no more than 5 seconds." Plaintiff alleges that he was not given any other warning, notification, or explanation of the violation, the charges against him, or the penalty to be imposed. In addition, Plaintiff alleges that he was not given any right to appeal or any other avenue for explaining himself, expressing his disagreement, or presenting his side of the story.

Based on these allegations, the Court need not determine at this time exactly what process should have been provided, since Plaintiff alleges that he was not provided any process at all. Suffice it to say, at this stage of the case, based on the facts alleged by Plaintiff, Plaintiff has stated a claim for violation of his due process rights.

With respect to Defendants' contention that any constitution violation or harm to Plaintiff is *de minimis,* the Supreme Court has held that the due process requirements apply based on the nature of the interest at stake, not the "weight" of the interest. *Goss,* 419 U.S. at 576, 95 S.Ct. at 737. For example, in *Goss,* the Supreme Court specifically held that a "10–day suspension from school is not de minimis in our view and may not be imposed in complete disregard of the Due Process Clause." *Id.* In addition, the Court of Appeals for the Third Circuit has indicated that at least some process is due even for a one-day eviction from the library. *See Neinast,* 346 F.3d at 598 (holding that the library had provided sufficient process to a patron evicted from the library for one day, where the patron was provided with notice of the charges against him and an

opportunity to present his side of the story).

In the present case, a permanent ban on use of any Internet computer at any of thirteen regional libraries is at least as significant a deprivation as a 10–day suspension from school. On this point, Plaintiff also notes that since July 2004, the Library has been using filtering software that would prevent displays of pornographic images. However, Plaintiff is still permanently barred from using the Internet computers at all of the thirteen libraries in the Northwestern Regional Library System. The Court cannot say that this interference with Plaintiff's interests is *de minimis,* and Plaintiff has alleged sufficient facts to support his claim under 42 U.S.C. § 1983 for violation of his procedural due process rights. Therefore, Defendants' Motion to Dismiss [Document # 4] for failure to state a claim upon which relief may be granted is denied.

### III. PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

After commencing this suit, Plaintiff filed a Motion for a Preliminary Injunction [Document # 9] seeking an injunction to force the Library to expunge Plaintiff's electronic library record and allow Plaintiff to have unfettered access to the Library's Internet computers while this case is litigated. However, Plaintiff has not provided any allegations or showing to establish that a preliminary injunction is appropriate.

In determining whether a preliminary injunction should be granted, the Court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the injunction is not entered; (2) the likelihood of harm to the defendant if the injunction is entered; (3) the plaintiff's likelihood of success on the merits; and (4) the public interest. *See Hughes Network*

*Systems, Inc. v. InterDigital Comm. Corp.,* 17 F.3d 691, 693 (4th Cir.1994) (citing *Blackwelder Furniture Co. v. Seilig Mfg. Co.,* 550 F.2d 189, 196 (4th Cir.1977)). A plaintiff has the burden of proving that these factors support a decision to issue a preliminary injunction against a defendant. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.,* 952 F.2d 802, 812 (4th Cir. 1991).

In the present case, Plaintiff's Motion for a Preliminary Injunction does not address any of these factors. In addition, the Court notes that the remedy actually sought in Plaintiff's Complaint is a more formal hearing or appeal procedure, rather than an injunction forcing the Library to allow Plaintiff access to its Internet computers. There is no indication in the record before the Court that the balance of harms favors Plaintiff or that Plaintiff could not wait until the conclusion of this litigation for a hearing or appeal procedure, if such a procedure is ultimately required. For all of these reasons, the relief requested in Plaintiff's Motion for Preliminary Injunction is not appropriate, and a preliminary injunction will not be entered at this time. Plaintiff's Motion for Preliminary Injunction [Document # 9] is therefore denied.

## IV. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff has also moved for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate when an examination of the materials properly before the Court reveals that "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is considered "material" if it "might affect the outcome of the suit under the governing law ...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). When ruling on a summary judgment motion, the Court "view[s] the evidence in the light most favorable to the non-moving party, granting that party the benefit of all reasonable inferences." *Bailey v. Blue Cross & Blue Shield of Va.,* 67 F.3d 53, 56 (4th Cir.1995). As a result, the Court will only enter summary judgment in favor of the moving party when "'the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the [nonmoving] party cannot prevail under any circumstances.'" *Campbell v. Hewitt, Coleman & Assocs., Inc.,* 21 F.3d 52, 55 (4th Cir.1994) (quoting *Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co.,* 381 F.2d 245, 249 (4th Cir.1967)).

In this case, Defendants have presented affidavits contesting Plaintiff's version of the facts. Although Plaintiff has not presented affidavits of his own, the Court will accept his verified Complaint to present Plaintiff's version of the facts. Defendants contest Plaintiff's allegation that the computer screen contained an inadvertent "pop-up." Instead, Defendants present affidavits contending that another library patron complained that she saw pictures of nude women on Plaintiff's computer screen two times within ten to fifteen minutes of each other. The competing version of events certainly creates a genuine issue of fact regarding what was on Plaintiff's computer screen and what actually occurred on May 29, 2003. More importantly, however, given that Plaintiff's Complaint against Defendants is based on a denial of procedural due process, the parties have not fully addressed certain factual disputes regarding what process was actually provided to Plaintiff, and whether he was provided with any opportunity to present his version of events. It

appears at this time, therefore, that there are genuine issues of material fact regarding what process was actually provided to Plaintiff. The Court therefore finds that there is an insufficient basis to allow Plaintiff's Motion for Summary Judgment.

In addition, because discovery has not yet proceeded, there is also no development of the record regarding the Library's enforcement of the Internet User Agreement. For example, Plaintiff alleges that other violators of the Internet policy did not receive similar penalties, and that the Library's enforcement of the policy was arbitrary and unconstitutional. There is no additional information currently in the record before the Court regarding the Library's interpretation and enforcement of the Internet policy in this regard. Therefore, granting Plaintiff's Motion for Summary Judgment would clearly be premature.

Therefore, given the genuine issues of fact on the record before the Court, as well as the incompleteness of the record in that the parties have not yet engaged in any formal discovery, the Court concludes that Plaintiff's Motion for Summary Judgment [Document # 14] should be denied.

## V. MOTIONS RELATED TO DISCOVERY MATTERS

Plaintiff and Defendants have also filed various motions related to certain discovery matters. First, Plaintiff filed a Motion to Amend his Complaint [Document # 18] to include a Request for Production of Documents as part of the Complaint. Under the Federal Rules of Civil Procedure, such a discovery request is not made a part of the Complaint. Therefore, Plaintiff's Motion to Amend his Complaint [Document # 18] to include a Request for Production of Documents is denied as unnecessary. In any event, Plaintiff thereafter filed a Motion to Compel Production of Documents [Document # 27] with respect to the same documents, and Defendants responded by providing the requested documents. Therefore, Plaintiff's Motion to Compel [Document # 27] is denied as being moot.

Plaintiff subsequently filed a second Motion to Amend his Complaint [Document # 29] to include certain letters and supporting documents as part of his Complaint. However, these materials need not be attached to the Complaint and may be included in the record in this matter without amending the Complaint. Therefore, Plaintiff's second Motion to Amend his Complaint [Document # 29] is denied without prejudice to Plaintiff's submission of the material in the form of an affidavit, if he so chooses. Finally, Defendants filed a subsequent Motion to Dismiss [Document # 32], seeking to dismiss Plaintiff's second proposed amendment to the Complaint [Document # 29]. The Court, however, has denied Plaintiff's second Motion to Amend [Document # 29]; and Defendants' subsequent Motion to Dismiss is therefore moot. To the extent that Defendants' subsequent Motion to Dismiss [Document # 32] also reasserts the same grounds considered by the Court in Section III with respect to Defendants' first Motion to Dismiss [Document # 4], Defendants' subsequent Motion to Dismiss [Document # 32] is denied for the same reasons as stated above.

## VI. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has alleged sufficient facts to state a claim for relief, and Defendants' Motion to Dismiss [Document # 4] is denied. In addition, to the extent that Plaintiff may have misspelled any of the Defendants' names or incorrectly named the entity he intended to sue, Plaintiff is granted 30 days from the date

of entry of this Memorandum Opinion and Order within which to file an amendment correcting these misnomers. In this respect, Defendants are hereby ordered to provide Plaintiff with a description of the proper title and spelling for each individual Defendant, as well as the correct designation of the entity responsible for adoption and enforcement of the Internet use policy at the Northwestern Regional Library System if it is different from what the Court has noted herein. Defendants shall provide this information to Plaintiff within 10 days after receipt of this Memorandum Opinion and Order.

In addition, for the reasons discussed above, Plaintiff's Motion for a Preliminary Injunction [Document # 9] is denied. Plaintiff's Motion for Summary Judgment [Document # 14] is also denied at this time. Finally, Plaintiff's two Motions to Amend his Complaint [Documents # 18, 29] to include various discovery matters are both denied, and Defendants' subsequent Motion to Dismiss [Document # 32] is also denied. To the extent that Plaintiff filed a Motion to Compel Production of Documents [Document # 27], that Motion is denied as moot because Defendants have provided the requested information.

An Order consistent with this Memorandum Opinion will be filed contemporaneously herewith.

### ORDER

For the reasons discussed in the Memorandum Opinion filed contemporaneously herewith, the Court concludes that Plaintiff has alleged sufficient facts to state a claim for relief, and Defendants' Motion to Dismiss [Document # 4] is DENIED. In addition, to the extent that Plaintiff may have misspelled any of the Defendants' names or incorrectly named the entity he intended to sue, Plaintiff is GRANTED 30 days from the date of entry of this Memo-

randum Opinion and Order within which to file an amendment correcting these misnomers. In this respect, Defendants are hereby ORDERED to provide Plaintiff with a description of the proper title and spelling for each individual Defendant, as well as the correct designation of the entity responsible for adoption and enforcement of the Internet use policy at the Northwestern Regional Library System. Defendants shall provide this information to Plaintiff within 10 days after receipt of this Memorandum Opinion and Order.

In addition, for the reasons discussed above, Plaintiff's Motion for a Preliminary Injunction [Document # 9] is DENIED. Plaintiff's Motion for Summary Judgment [Document # 14] is also DENIED at this time. Finally, Plaintiff's two Motions to Amend his Complaint [Documents # 18, 29] to include various discovery matters are both DENIED, and Defendants' subsequent Motion to Dismiss [Document # 32] is also denied. To the extent that Plaintiff filed a Motion to Compel Production of Documents [Document # 27], that Motion is denied as moot because Defendants have provided the requested information.